UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| RELIANT MANAGEMENT GROUP, LLC D/B/A RELIANT REHABILITATION | CIVIL ACTION |
| VERSUS | NO: 13-250 |
| ULTRACARE HEALTHCARE, LLC, ET AL. | JUDGE JAY C. ZAINEY<br>MAGISTRATE JUDGE KNOWLES |

**ORDER AND REASONS**

Before the Court is a **Motion to Dismiss Pursuant to Rule 12(b)(2) (Rec. Doc. 2)** filed by defendants the Facility Defendants,[1] Christopher W. Johnson, William E. Daves, and UltraCare Healthcare, LLC. Plaintiff Reliant Management Group, LLC d/b/a Reliant Rehabilitation ("Reliant") opposes the motion. The motion, set for submission on June 5, 2013, is before the Court on the briefs without oral argument. For the reasons that follow the motion is GRANTED IN PART AND DENIED IN PART.

**I.   BACKGROUND**

This matter arises out of contracts for the rendering of rehabilitation therapy services. Reliant entered into contracts with each of the Facility Defendants. Reliant contends that it provided the services in conformance with the contracts and that Defendants billed Medicare and received reimbursement for those services yet failed to pay Reliant. Reliant asserts causes of action for breach of contract and detrimental reliance.

---

[1] The "Facility Defendants" are Edmond Health & Rehabilitation, LLC ("Edmond"), Davis Health & Rehabilitation, LLC d/b/a Burford Manor ("Burford"), Inola Health & Rehabilitation d/b/a Inola Health Care Center ("Inola"), Bixby Health & Rehabilitation, LLC d/b/a Southtown Nursing & Ventilator Care ("Southtown"), Golden Rule Senior Properties, LLC d/b/a The Golden Rule Home ("Golden"), and Thomas Health & Rehabilitation, LLC d/b/a Thomas Nursing Center ("Thomas").

1

Reliant's principal place of business is Baton Rouge, Louisiana. All of the Facility Defendants are Oklahoma entities and the services that Reliant performed pursuant to the contracts were rendered in Oklahoma. The parent entity for all of the Oklahoma Facility Defendants is defendant UltraCare Healthcare, LLC, which is a Mississippi entity. Individual defendants William E. Daves and Christopher W. Johnson are both alleged to be managers of UltraCare and they reside in Mississippi.

Reliant filed suit in Louisiana state court and Defendants removed the case based on diversity jurisdiction. Defendants now move to dismiss the suit contending that the Court lacks personal jurisdiction over each defendant.

## II. DISCUSSION

### The Facility Defendants

The Court begins its analysis with Reliant's argument that the Facility Defendants contractually consented to jurisdiction in Louisiana. All six of the contracts between Reliant and the Facility Defendants contained the following forum selection/choice of law provision:

> Controlling Law. The laws of the State of Louisiana shall govern the Agreement. **Customer hereby consents to the jurisdiction of the federal and state courts of the State of Louisiana** for purposes of any and all disputes that may arise in connection with the Agreement.

(Rec. Doc. 1-4 at 40) (emphasis added).

The Facility Defendants contend that the foregoing contractual provision is unenforceable because it is unreasonable and contravenes a strong public policy of Louisiana disfavoring forum selection clauses.

The federal courts apply federal law to determine the enforceability of a forum selection clause and this holds true even in diversity cases. *Haynsworth v. Corporation*, 121 F.3d 956, 962 (5th Cir. 1997). Under federal law forum selection clauses are presumed to be enforceable but the presumption may be overcome by a clear showing that the clause is

"unreasonable under the circumstances." *Id.* at 963 (*quoting The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)); *Ginter v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 441 (5th Cir. 2008). Unreasonableness potentially exists where 1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; 2) the party seeking to escape enforcement will in essence be deprived of his day in court if the clause if enforced; 3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or 4) enforcement of the forum selection clause would contravene a strong public policy of the forum state. *Haynsworth*, 121 F.3d *at 963* (*quoting Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991); *The Bremen*, 407 U.S. at 12-13)). The party resisting enforcement on these grounds bears a "heavy burden of proof." *Id.* (*quoting The Bremen*, 407 U.S. at 17).

The Facility Defendants contend that Louisiana's strong public policy disfavoring contractual forum selection clauses is found in Louisiana Code of Civil Procedure article 44(A) and La. R.S. § 51:1407. Section 51:1407, which is part of Louisiana's Unfair Trade Practices Act ("LUTPA"), includes the following statement:

> It being against the public policy of the state of Louisiana to allow a contractual selection of venue or jurisdiction contrary to the provisions of the Louisiana Code of Civil Procedure, no provision of any contract which purports to waive these provisions of venue, or to waive or select venue or jurisdiction in advance of the filing of any civil action, may be enforced against any plaintiff in an action brought in these courts.

La. Rev. Stat. Ann. § 51:1407(A) (West Supp. 2013) (emphasis added). The foregoing statutory provision, which actually protects the aggrieved *plaintiff's* ability to avoid a forum selection clause, is part of the LUTPA which is not at issue in this case.[2] Section 51:1407

---

[2] In *Tulane Industrial Laundry, Inc. v. Quality Lube & Oil, Inc.*, the court explained that this provision of the LUTPA was intended to protect Louisiana residents who are solicited by mail, telephone, and electronic communications by nonresident solicitors. 79 So. 2d 99, 102 (La. App. 4th Cir. 2001) (*citing Lejano v. K.S. Bandak*, 705 So. 2d 158 (La. 1998)).

itself does not evidence a strong public policy disfavoring forum selection clauses in commercial contracts with sophisticated business entities on both sides. But as the court observed in *Thompson Tree & Spraying Service, Inc. v. White-Spunner Construction, Inc.*, the public policy being alluded to in § 51:1407(A) does not purport to derive from that statute but rather from the Louisiana Code of Civil Procedure. 68 So. 3d 1142, 1154 (La. App. 3d Cir. 2011) (Thibodeaux, C.J.).

Louisiana Code of Civil Procedure article 44(A) states that "[a]n objection to the venue may not be waived prior to the institution of the action." Notwithstanding this seemingly straightforward code article, the state appellate courts in Louisiana are split over the issue of whether forum selection clauses are enforceable. The First and Second Louisiana circuit courts do not find that the clauses violate Louisiana law and they readily enforce them. *See, e.g.*, *Rising Res. Ctrl., Inc. v. Kie Commod. & Fin., LLC*, 80 So. 3d 1217, 2012 (La. App. 1st Cir. 2012); *Barrett Auto Brokers v. Dealer Servs. Corp.*, 48 So. 3d 322 (La. App. 2nd Cir. 2010). The Fourth and Fifth Louisiana circuit courts have declined to enforce them under certain scenarios. *See, e.g.*, *Aquatic Lodging, LLC v. Bayou Boys Boat Rental, LLC*, 82 So. 3d 562 (La. App. 5th Cir. 2001) (concluding that it violates public policy to deny small Louisiana companies the ability to bring contractual disputes to Louisiana courts); *Tulane Industrial Laundry*, 779 So. 2d at 99 (re-casting the issue as a question of minimum contacts). And as mentioned above, the *Thompson Tree* decision demonstrates that the Louisiana Third Circuit court finds that article 44(A) evinces a strong public policy against the enforcement of forum selection clauses in Louisiana.[3]

The *Erie* doctrine dictates that federal courts sitting in diversity must apply the law of

---

[3] *Thompson Tree* actually represented a change in the law in the Third Circuit because prior to that decision courts in the Third Circuit had enforced forum selection clauses. *See Calahan v. Haspel*, 732 So. 2d 796 (La. App. 3d Cir. 1999).

the state as it believes the state's highest court would decide the matter. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). The decisions of the state's lowest courts are entitled to some weight but the focus remains on the highest state court. *Rogers v. Corrosion Prods, Inc.*, 42 F.3d 292, 295 (5th Cir. 1995) (*citing Comm'r v. Estate of Borsch*, 387 U.S. 456, 465 (1967)). The Louisiana Supreme Court has never squarely addressed whether article 44(A) renders forum selection clauses unenforceable under Louisiana law. But in 2006, the Louisiana Supreme Court stated albeit in dicta that forum selection clauses are "legal and binding in Louisiana and should be enforced absent a clear showing that enforcement would be unreasonable or unjust, or that the clause is invalid for such reasons as fraud or overreaching." *Power Market. Direct, Inc. v. Foster*, 938 So. 2d 662, 675 (La. 2006) (*citing Lejano*, 705 So. 2d at 158).

*Erie* recognizes that the state's highest court is the best authority on its own law. *Estate of Borsch*, 387 U.S. at 465. But *Erie* also recognizes that for federal purposes it is of no moment whether the law is declared by the state's legislature or by its highest court. *Erie*, 304 U.S. at 78. But as Judge Thibodeaux so eloquently explained in *Thompson Tree*, the distinction is extremely important in Louisiana where the state legislature is the primary source of law, not the judiciary. 68 So. 3d at 1153 (*quoting* James L. Dennis, *Interpretation & Application of the Civil Code & the Evaluation of Judicial Precedent*, 54 La. L. Rev. 1, 3 (1993)). Judge Thibodeaux as well as legal commentators have opined that those Louisiana circuit courts that enforce forum selection clauses are in essence flouting the positive law found in article 44(A) in order to reach that result, and that the Louisiana Supreme Court did not consider how article 44(A) would affect its broad statement in *Power Marketing* regarding the enforceability of forum selection clauses in Louisiana. *Id.* at 1153-54; Eric Michael Liddick, *Give Me Freedom of Contract or Give Me Death: The Obscurity of Article*

5

*44(A) of the Louisiana Code of Civil Procedure,* 54 Loy. L. Rev. 602 (2008); Rebecca H. Block, *Seriously Now, What Gives? Legislation or Custom? The Fate of Forum Selection Clauses in Louisiana*, 39 S.U. L. Rev. 265 (2012).

No one knows for certain how the Louisiana Supreme Court will ultimately resolve the question of whether forum selection clauses are *per se* violative of public policy in this state, assuming of course that the state legislature does not act first to clarify the law. This Court's *Erie* "guess" is that the Louisiana Supreme Court would not find that Louisiana Code of Civil Procedure article 44(A) renders all forum selection clauses unenforceable. The legislature has been unequivocal in other contexts when establishing that forum selection clauses contravene a strong Louisiana public policy. *See, e.g., Dahiya v. Talmidge Int'l, Ltd.*, No. 02-2135, 2002 WL 31962151, at *2 (E.D. La. Oct. 11, 2002) (Feldman, J.) (recognizing that La. R.S. § 23:921(A)(2)'s unequivocal language demonstrates that employment contract forum selection clauses contravene public policy); La. R.S. § 51:1407(A) (precluding forum selection clauses in LUTPA actions). But article 44(a) does not unequivocally address the enforceability of all forum selection clauses, particularly ones like those at issue in this case. Article 44(A) applies specifically to "venue" and article 41 clarifies that "[v]enue means *the parish* where an action or proceeding may properly be brought and tried under the rules regulating the subject." La. Code Civ. Pro. art. 41 (emphasis added). Article 44(A) could reasonably be interpreted as a prohibition on contractually manipulating the parish venue requirements imposed by the Code of Civil Procedure (or other statutory law) prior to filing suit. The venue requirements of the Code of Civil Procedure are specifically concerned with the various parishes across the state, not with whether a contracting party will agree to submit to the jurisdiction of a Louisiana court. To this Court, the question of which parish in the state constitutes proper venue is a distinct one from whether the defendant has

consented to jurisdiction in a Louisiana court, state or federal. Since Reliant sued the Facility Defendants in East Baton Rouge Parish which is the correct venue dictated by Code of Civil Procedure article 42(5) for this lawsuit,[4] this Court is persuaded that there is no objection to be made in this case that comes within the ambit of article 44(A)'s prohibition.[5]

Further, enforcement of the Facility Defendants' forum selection clauses would not be unreasonable in this case. The Facility Defendants are not unsophisticated consumers. The Facility Defendants are sophisticated commercial business entities who are owned and managed by principals who boast of similar business dealings in several states. The Facility Defendants entered into potentially lucrative contracts with a Louisiana company, and during the contract negotiation process they agreed to submit to the jurisdiction of a Louisiana court. It was therefore wholly foreseeable to these entities that they might have to defend a lawsuit in this state should one be filed. No equities in this case militate in favor of forcing the Louisiana plaintiff to forfeit its contractually-bargained-for choice of forum in order to sue the Facility Defendants in a forum that they now consider more convenient than the one that they bargained for.

---

[4]
> A foreign corporation or a foreign limited liability company not licensed to do business in the state, or a nonresident who has not appointed an agent for the service of process in the manner provided by law, other than a foreign or alien insurer, shall be brought in the parish of the plaintiff's domicile or in a parish where the process may be, and subsequently is, served on the defendant.

La. Code Civ. Pro. art. 42(5).

[5] Moreover, this Court is guided by the *Erie* principle that adjudication of state law issues in a case removed to federal court based on diversity jurisdiction should not be outcome determinative. *See Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427-28 (1996). This suit was properly filed in the 19th JDC, which falls in this state's First Circuit—a circuit that enforces forum selection clauses. Absent clear guidance from legislature or the Louisiana Supreme Court to form this Court's Erie guess, the Facility Defendants should not be allowed to circumvent the law of the First Circuit by removing the case to federal court.

The motion to dismiss is DENIED as to the Facility Defendants.

### UltraCare and the Individual Defendants

UltraCare, Johnson, and Daves were not parties to the contracts with Reliant so they have not contractually consented to be sued in a Louisiana court. Johnson and Daves are citizens of Mississippi and they are the sole members of UltraCare. UltraCare is the parent entity for the Facility Defendants. Reliant contends that these defendants are nonetheless subject to general and specific personal jurisdiction in Louisiana.

A federal court sitting in diversity must satisfy two requirements to exercise personal jurisdiction over a nonresident defendant. *Pervasive Software, Inc. v. Lexware GMBH & Co. KG*, 688 F.3d 214, 220 (5th Cir. 2012). First, the forum state's long-arm statute must confer personal jurisdiction. Second, the exercise of jurisdiction must not exceed the boundaries of the Due Process Clause of the Fourteenth Amendment. *Id.* (*citing Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999)). The limits of the Louisiana long-arm statute are coextensive with constitutional due process limits. *Jackson v. Tanfoglio Giuseppe, SRL*, 615 F.3d 579, 584 (5th Cir. 2010) (*citing Walk Haydel & Assocs. v. Coastal Power Prod. Co.*, 517 F.3d 235, 242-43 (5th Cir. 2008)). Therefore, the inquiry is whether jurisdiction comports with federal constitutional guarantees. *Id.*

Specific jurisdiction requires a plaintiff to show that 1) there are sufficient, <u>i.e.</u>, not random, fortuitous, or attenuated, pre-litigation connections between the non-resident defendant and the forum; 2) the connection has been purposefully established by the defendant; and, 3) the plaintiff's cause of action arises out of or is related to the defendant's forum contacts. *Pervasive Software*, 688 F.3d at 221. It is now well-settled that an individual's contract with an out-of-state party alone cannot automatically establish sufficient minimum contacts in the other party's home forum. *Id.* (*quoting Burger King*

*Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985)). The "minimum contacts" inquiry is fact intensive and no one element is decisive. *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009). The touchstone is whether the defendant's conduct shows that he could "reasonably anticipate being haled into court." *Id.* (*quoting Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 469, 470 (5th Cir. 2006)). The defendant must not be "haled into a jurisdiction solely as a result of 'random, fortuitous, or attenuated' contacts, or of the 'unilateral activity of another party or third person.'" *Id.* (*quoting Electrosource, Inc. v. Horizon Battery Techs., Ltd.*, 176 F.3d 867, 871-72 (5th Cir. 1999)).

At this preliminary stage the plaintiff need only establish a prima facie case of personal jurisdiction. *See Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008). The Court must resolve any factual disputes in favor of the plaintiff. *Ainsworth v. Moffett Eng'g, Ltd.*, 716 F.3d 174, 176 (5th Cir. 2013) (*quoting ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493, 496 (5th Cir. 2012)).

Reliant has not pointed to a single purposeful contact with the state of Louisiana by UltraCare, Johnson, or Daves from which this dispute arises. These defendants were not parties to the contract with Reliant. The affidavit of Tony Carter (Rec. Doc. 7-1 Exh. A), does not establish any type of contact by either Johnson or Daves upon which specific jurisdiction can be based. The emails and phone conversations that Carter alludes to are the type of communications that are exchanged in the course of developing a contract and those communications typically do not support a finding of jurisdiction. *See Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 481 F.3d 309, 312 (5th Cir. 2007). Under the law in this circuit, Reliant's causes of action would have to arise out of the tortious nature of these communications in order to have them support a finding of jurisdiction but that is not the case here.

The contacts that Reliant cites for personal jurisdiction over UltraCare, Johnson, and Daves, are really directed at general jurisdiction because those contacts do not pertain to Reliant's causes of action in this lawsuit. A court may exercise general jurisdiction over any action brought against a defendant when the defendant has substantial, continuous, and systematic contacts with the forum state. *Jackson v. Tanfoglio Giuseppe, S.R.L.*, 615 F.3d 579, 584 (5th Cir. 2010) (*quoting Luv N. Care v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006)); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-19 (1984). The test is a difficult one to meet, requiring extensive contacts between the defendant and the forum. *Id.* (*quoting Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008)). To confer general jurisdiction, a defendant must have a business presence in the forum state. *Id.* (*citing Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 717 (5th Cir. 1999)).

Reliant has likewise failed to establish a prima facie case of general jurisdiction. All of Reliant's evidence for general jurisdiction relates to UltraCare's website. The website identifies Johnson and Daves and even includes a short business résumé for each member. UltraCare Healthcare, LLC, htpp://www.ultracare.org (last visited July 16, 2013). But the website is a passive website and does nothing to specifically target Louisiana residents. The website does refer to business in Louisiana but that reference is phrased in the past tense. Nothing on the website suggests that UltraCare currently does business in Louisiana, or that UltraCare was doing business in Louisiana when suit was filed. Reliant has submitted evidence to suggest that UltraCare did business in Louisiana in 2008 but for purposes of general jurisdiction contacts with the forum state must be evaluated as of the time that the complaint was filed. *Ansarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784, 787 n.1 (5th Cir. 1990). Reliant's suggestion that UltraCare probably continues to do business in this state because it

admittedly did so in 2008 is sheer speculation and is insufficient to establish even a prima facie case of general personal jurisdiction against UltraCare, Johnson, and Daves.

The motion to dismiss is GRANTED as to defendants UltraCare, Johnson, and Daves.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss Pursuant to Rule 12(b)(2) (Rec. Doc. 2)** filed by defendants the Facility Defendants, Christopher W. Johnson, William E. Daves, and UltraCare Healthcare, LLC. is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** as to defendants UltraCare Healthcare, LLC, Williams E. Daves, and Christopher W. Johnson and the complaint is dismissed without prejudice as to these defendants. The motion is **DENIED** as to the remaining defendants.

July 22, 2013

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE